UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61411-CIV-MARRA/MATTHEWMAN

MARCI ANNE ROMEO,

Plaintiff,

vs.

SCOTT J. ISRAEL, as Sheriff of Broward
County, JEFF POOLE, individually and
DAVID BENJAMIN, individually,

Defendant.

_____/

**ORDER SETTING TRIAL DATE & DISCOVERY DEADLINES,
REFERRING CASE TO MEDIATION & REFERRING DISCOVERY MOTIONS TO
UNITED STATES MAGISTRATE JUDGE**

THIS CAUSE is before the Court upon receipt of the parties' joint scheduling report.

It is thereupon, **ORDERED AND ADJUDGED** as follows:

**Trial Date & Location**

1. This case is set for trial on the two-week calendar commencing Monday, December 5,
2016 at 9:00 a.m. Counsel for all parties shall appear at a calendar call commencing Friday,
December 2, 2016 at 10:00 a.m. Unless instructed otherwise by subsequent order, the trial and all
other proceedings in this case shall be conducted at the U.S. Courthouse, 701 Clematis Street,
Courtroom 4, Third Floor, West Palm Beach, Florida.

**Motion Practice**

2. Every motion filed in this case must comply with Local Rule 7.1(a)(3) if applicable (pre-
filing conference and certification) and be accompanied by a proposed order granting the motion,
except motions to dismiss and motions for summary judgment. Proposed orders shall be e-mailed

in **Word or Wordperfect** format to chambers at  marra@flsd.uscourts.gov.  The case number

along with the words, "proposed order," should be in the subject heading.

### Pretrial Schedule

3.  Pretrial discovery will be conducted in accordance with Local Rules 16.1 and 26.1 and

the Federal Rules of Civil Procedure.  No pretrial conference shall be held in this action, unless the

Court determines, either *sua sponte* or upon motion and order, that a pretrial conference is

necessary.  In setting the following deadlines, the Court has considered the parties' suggested

discovery schedule.  Dates and other agreements between the parties not otherwise addressed herein

shall be considered part of this Order.  To the extent this Order conflicts with the Local Rules, this

Order supercedes the Local Rules.

| | |
|---|---|
| Amend Pleadings/Add Parties | – January 29, 2016 |
| Discovery Cutoff | – April 29, 2016 |
| Substantive Pretrial Motions | – May 31, 2016 |
| Mediation Cutoff | – 60 days before calendar call |
| Mandatory Pretrial Stipulation | – Fifteen days before calendar call |
| Motions in Limine | – Fifteen days before calendar call |
| Responses to Motions in Limine | – Ten days before calendar call |
| Jury Instructions | – Five days before calendar call |
| Proposed Findings & Conclusions | – Five days before calendar call |
| Voir Dire Questions | – Calendar call |
| Exhibit List for Court | – First day of Trial (2 copies) (impeachment excepted) |
| Witness List for Court | – First day of Trial (2 copies) |

(impeachment excepted)

### **Mandatory Pretrial Stipulation**

4.   Counsel must meet at least one month prior to the beginning of the trial period to confer on the preparation of a Pretrial Stipulation in accordance with Local Rule 16.1E.

A Pretrial Stipulation lacking substance will not be accepted.  Any party causing a unilateral pretrial stipulation to be filed will be required to show cause why sanctions should not be imposed against that party.  Each attorney and each self-represented party is charged with the duty of complying with this Order.  A motion for continuance shall not stay the requirement for the filing of the Pretrial Stipulation and, unless an emergency situation arises, or good cause is shown, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the calendar call.  Failure to comply with the time schedule may result in dismissal or other sanctions.

### **Consent Jurisdiction**

5.   In light of the benefits offered by a trial before a magistrate judge, e.g., trial on a date certain as opposed to placement on a trial calendar, the parties are urged to consider this option. Therefore, within twenty (20) days of the entry of this order each attorney is ordered to meet with his or her client and discuss this option.  Plaintiff's counsel shall monitor this process.  If there is not unanimity in favor of magistrate jurisdiction, plaintiff's counsel need do nothing further.  If, however, there is unanimity in favor of magistrate jurisdiction, plaintiff's counsel shall execute the form (which can be retrieved from www.flsd.uscourts.gov) entitled "Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge," and forward the original, executed form to defendants' counsel.  After completion by all defendants or their counsel, the original form should be forwarded to the Clerk of the Court, West Palm Beach Division.

### **Mediation**

3

6.   Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, this case is referred to mediation, to the extent not excluded by Local Rule 16.2.C, as follows:

a.   The mediation shall be completed sixty (60) days prior to the scheduled calendar call;

b.   The parties shall, within sixty (60) days hereof, agree upon a mediator and advise the Clerk's office of their choice, failing which the Clerk will designate a mediator from the list of certified mediators on a blind random basis;

c.   Plaintiff's counsel shall be responsible for coordinating the mediation conference date and location agreeable to the mediator and all counsel of record;

d.   Within five (5) days following the mediation conference, the mediator shall file a Mediation Report indicating who attended the mediation and the result thereof.

### Discovery Referred to Magistrate Judge

7.   In accordance with 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge William Matthewman for appropriate disposition of all pretrial discovery motions, and all motions that relate directly to these motions, such as motions for extension of time, motions for reconsideration, motions for sanctions, and motions for mental or physical examinations. This Order does not refer any motion which requests a continuance or extension of the trial or pretrial scheduling dates.

### Exhibits

8.   Exhibits must be pre-marked and exchanged prior to execution of the Pretrial Stipulation. Each exhibit should be marked with a sticker identifying the **case number, exhibit number, and**

4

**party offering the exhibit**.

### Jury Instructions and Proposed Findings of Fact and Conclusions of Law

9.   In cases tried before a jury, each party shall file joint, stipulated proposed jury instructions and a joint, stipulated proposed verdict form and **e-mail in Word or Wordperfect format to marra@flsd.uscourts.gov** .  All requested instructions shall be typed on a separate page, double spaced and except for Eleventh Circuit Pattern instructions, must be supported by citations of authority.  Any objections to the proposed instructions shall be stated clearly and concisely and also shall be supported by citations of authority.

In cases tried before the Court, each party shall file proposed Findings of Fact & Conclusions of Law and e-mail a copy to the above address in Word or Wordperfect format. Proposed Findings of Fact must be supported by record and/or exhibit cites and all proposed Conclusions of Law must be supported by citations of authority.

### Settlement

10.   If a case is settled, counsel are directed to inform the Court promptly at (561) 561-514-3790 and to submit an appropriate Stipulation for Order of Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1).  Such an Order must be filed within ten (10) days of notification to the Court, or prior to the Calendar Call, whichever occurs first.  Cases are not removed from the trial calendar unless a stipulation for dismissal is filed with the Court.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 23rd  day of July, 2015.

_____
KENNETH A. MARRA
United States District Judge

5

Copies furnished to:

Magistrate Judge William Matthewman
All counsel of record