UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61411-CIV-MARRA

MARCI ANNE ROMEO,

       Plaintiff,

v.

SCOTT J. ISRAEL, as Sheriff of Broward
County, JEFF POOLE, and
DOUGLAS A. BATES,

       Defendants

_____/

## ORDER

THIS CAUSE is before the Court upon Plaintiff's Renewed Motion for Entry of Default

Judgment [DE 38].  No response to the Motion has been filed.  The motion is ripe for the Court's

consideration.  The Court has reviewed the motion, the entire file in the case, and is otherwise

duly advised in the premises.

Plaintiff sets forth in her motion that Defendant Benjamin was served with the Summons

and First Amended Complaint.  When Defendant failed to appear, the Clerk entered a Default

[DE 37].  Plaintiff concludes, therefore, that she is entitled to a default judgment on liability

against Defendant Benjamin.  [DE 38 at ¶8].

While it is certainly true that a defendant, by his default, "admits the plaintiff's well-

pleaded allegations of fact," *Nishimatsu Const. Co. V. Houston Nat'l Bank*, 515 F.2d 1200, 1206

(5th Cir. 1975)[1], it is equally true that

> a defendant's default does not in itself warrant the court in entering
> a default judgment.  There must be a sufficient basis in the
> pleadings for the judgment entered. . . .The defendant is not held to
> admit facts that are not *well-pleaded* or to admit conclusions of
> law.  In short, despite occasional statements to the contrary, a
> default is not treated as an absolute confession by the defendant of
> his liability and of the plaintiff's right to recover.

*Id*. (Citations omitted).

Plaintiff has not set forth why she believes that a default should be entered on each of the claims she asserts against Defendant Benjamin.  The Court's brief review suggests that at least as to some of the claims, there are insufficient facts to support a liability determination.  By way of example, Count IV asserts a claim for excessive force against Defendant Benjamin.  Paragraph 45 of this count states, in part, that "Defendant Benjamin did batter and touch Plaintiff without the consent of Plaintiff and against her will, as more fully alleged herein, when Plaintiff was forced to remove her clothes." [DE 19 at ¶45].  Paragraph 14 of the Complaint describes this encounter differently, when it states that Plaintiff was ordered to take off her clothes.  There is no suggestion that Defendant Benjamin touched Plaintiff during this encounter.  In Paragraph 19, Plaintiff describes Benjamin as having been in the room when this occurred.  Again, there is no mention of Benjamin having touched Plaintiff.[2]

---

[1]Decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[2]This is an issue as to which the Court might have to conduct a hearing to establish the truth of the allegation.  Fed. R. Civ. P. 55(b)(2)(C).

Before the Court will consider issuing a default judgment on liability against Defendant Benjamin, Plaintiff must set forth in detail the well-pleaded facts that would support a default judgment on each claim, with citations to relevant case law supporting Plaintiff's position.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Renewed Motion for Entry of Default Judgment [**DE 38**] is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of December, 2015.

 

_____
KENNETH A. MARRA
United States District Judge