**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.:  13-61411-CIV-MARRA/MATTHEWMAN**

**MARCY ROMEO,**[1]

         **Plaintiff,**

**vs.**

**SCOTT J. ISRAEL, as Sheriff of**
**Broward County, Florida, and JEFF**
**POOLE,**

         **Defendants.**
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO  DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Marcy Romeo[2], by and through counsel and pursuant to Fed. R. Civ. P. 56,

hereby files this response in opposition to the Defendants' Motion for Summary Judgment. [D.E.

92.]

**INTRODUCTION**

The Defendants are requesting this Court to dismiss the pending action on the basis of

judicial estoppel.  By conveniently failing to provide this Court with all the *relevant* case law on

this issue, they provide this Court only with what may, upon a cursory glance, appear to be a

valid argument.  Likewise, the defendants omit vital testimony that puts their factual argument in

question.

---

[1] A Motion to Substitute Party Plaintiff has been filed.  Pending Court approval to substitute the
party plaintiff, the caption of this case will reflect Marcy Romeo as the Plaintiff.

[2] If the pending Motion to Substitute Party Plaintiff is granted, the undersigned requests that the
Court consider this motion as filed on behalf of the Trustee.

KUTNER, RUBINOFF & MOSS, LLP
2665 SOUTH BAYSHORE DRIVE, COCONUT GROVE, FL 33133 ▪ PHONE: 305.358.6200 ▪ WWW.KRMLEGAL.COM

As will be explained below, the cases cited by the Defendants do not directly apply to this case. In each of their cited cases, the plaintiff was not the bankruptcy trustee nor was the trustee seeking to be substituted in as the plaintiff, as the Trustee is doing in this case. This is a major factual and legal distinction. With full knowledge that the Trustee was going to file a Motion to Substitute as the party plaintiff, the Defendants rushed to file the pending motion in an attempt to avoid this important distinction.

The Defendants also lead this Court to believe that Marcy Romeo somehow lied to the bankruptcy court when she filled in a form, under oath, that failed to list this claim. This argument is persuasive only if you omit her testimony that she was not even aware that she had a claim at the time she signed the form. Neither do the Defendants point out that Romeo was afraid to report the incident because Jeff Poole – one of the parties who now seeks to have her case dismissed – allegedly threatened both her and her daughter if she did.

## UNDISPUTED MATERIAL FACTS & ADDITIONAL FACTS

The Plaintiff has no objections with the facts listed by the Defendants. There is, however, additional deposition testimony of Marcy Romeo that is relevant.[3] Since the Defendants' version of the facts strongly suggest that Marcy Romeo was hiding a *potential* claim from the bankruptcy court, this additional testimony explains why she did not disclose this claim in her bankruptcy filings. As Romeo testified:

> Q. So you didn't disclose any of the claims that you've asserted in
>     this lawsuit to the Trustee?
>
> A. **There were no thoughts of any claims at that time**.

[Depo. at pp. 119-120.]

---

[3] The Plaintiff is not filing a separate Statement of Facts since Romeo's entire deposition was attached to the Defendant's Statement of Facts. The only additional facts being relied upon by the Plaintiff come from her deposition testimony.

KUTNER, RUBINOFF & MOSS, LLP
2665 SOUTH BAYSHORE DRIVE, COCONUT GROVE, FL 33133 • PHONE: 305.358.6200 • WWW.KRMLEGAL.COM

At the time she filed for bankruptcy, Romeo was afraid of the officers who had arrested her.   She described during her deposition how officers of the Broward Sherriff's Office, including Jeff Poole, forced her to strip and "squat, spread myself apart." [Depo. at p. 46.]   She then explained:

> Q.  You were told to remove your clothing and assume positions.
>     Did they threaten you?  Were you threatened in that room?
>
> A.  Yes.
>
> Q.  How so?  What were you told?
>
> A.  **I was told if I ever told anyone of what happened, they would find me and they could easily find my daughter**.

[Depo. at p. 47.]   She later said, "**I thought they would kill my daughter.  I thought they would kill me**." [Depo. at p. 71.]

Romeo explained to defense counsel that she didn't file a grievance right away because "I understood at that point that having a bottle of pills without a label was a felony." [Depo. at p. 72.]  When asked why she didn't file a civil lawsuit right away, she said, "I was scared to death. I was also facing five years ... in prison for something I didn't do."  [Depo. at p. 73.]   The charges against her were dismissed on November 19, 2009.   [Romeo Depo. at p. 75.]   Her bankruptcy was discharged on November 16, 2009.   Thus, *during the entire pendency of her bankruptcy case, Romeo was under criminal charges and was facing significant time in jail*.

## CASE LAW RELIED UPON BY THE DEFENDANTS

All of the cases relied upon by the Defendants involve fact patterns where there was no bankruptcy trustee seeking to substitute for the original plaintiff.  Neither had the trustee been substituted for the original plaintiff as the proper party.  For instance, in *Alvarez v. Royal Atlantic Developers, Inc.*, 854 F.Supp.2d 1219, 1227 (S.D.Fla. 2011), the plaintiff's attorneys were retained by the trustee but "made a 'strategic decision' to proceed without moving for

KUTNER, RUBINOFF & MOSS, LLP
2665 SOUTH BAYSHORE DRIVE, COCONUT GROVE, FL  33133 ▪ PHONE: 305.358.6200 ▪ WWW.KRMLEGAL.COM

substitution." Also important is the fact that Alvarez's employment discrimination case was pending at the time his bankruptcy petition was filed.

In *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002), the trustee was not a party to the case and was not seeking to become one. Like Mr. Alvarez, Mr. Burnes had a pending employment discrimination claim when he filed for Chapter 7 bankruptcy and failed to list the pending lawsuit on his financial disclosures. Moreover, the viability of *Burnes* was subsequently questioned by the 11th Circuit. In *Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004), the court wrote that "it is questionable as to whether judicial estoppel was correctly applied in *Burnes.*" Shockingly absent from the Defendants' motion is any mention of *Parker*.

The Defendants also fail to reference *Slater v. U.S. Steel Corp.*, Eleventh Circuit Court of Appeals, Case No. 12-15548-U. In *Slater,* judicial estoppel was applied by the district court and affirmed by the Eleventh Circuit. A petition for rehearing en banc was granted and the opinion was vacated. Oral argument was held yesterday (February 7, 2017). The issue before the Court is:

> Whether the doctrine of judicial estoppel as applied to Barger v.
> City of Cartersville, 348 F.3d 1289, 1296 (11th Cir. 2003), and
> Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002),
> should be overruled.

Importantly, the 11th Circuit does not mention the *Parker* case, assumingly because judicial estoppel was not applied in *Parker*.

The remaining two other cases relied on by the Defendants are also inapplicable. In *Taylor v. Novartis Pharms. Corp.*, Case No. 06-61337-COHN (S.D.Fla. 2013), Judge Cohn pointed out that the "trustee has not moved to intervene in this action." He also noted that the plaintiff's claim had been pending for three and a half years when the bankruptcy petition was

KUTNER, RUBINOFF & MOSS, LLP
2665 SOUTH BAYSHORE DRIVE, COCONUT GROVE, FL 33133 ▪ PHONE: 305.358.6200 ▪ WWW.KRMLEGAL.COM

filed.  In *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269 (11th Cir. 2010), there is no indication that the trustee was a party or seeking to become one.  Robinson's bankruptcy action was pending when she filed her employment discrimination case, and, in addition, she had a pending, undisclosed lawsuit when she initially declared for bankruptcy.

Defendants have not cited to any cases supporting the application of judicial estoppel against a bankruptcy trustee.  None of their cases apply to the circumstances where the debtors lawsuit was brought several years after a bankruptcy case was closed, and where the bankruptcy trustee was the party plaintiff or was seeking to intervene or be substituted as party plaintiff.  Of course, the Defendants don't cite the cases that do apply to those circumstances.

### PLAINTIFF'S MEMORANDUM OF LAW

The Eleventh Circuit Court of Appeals has held that judicial estoppel does not apply when the plaintiff is the bankruptcy trustee.  In *Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268 (11th Cir. 2004), the original plaintiff filed the discrimination case more than two years prior to filing for bankruptcy.  The bankruptcy filings did not list the pending discrimination case.  After the bankruptcy was discharged, the bankruptcy case was reopened and a trustee appointed.  The district court then allowed the trustee to intervene in the discrimination case.  The district court dismissed the case on the basis of judicial estoppel because the plaintiff failed to disclose the pending lawsuit in the bankruptcy filings.

On appeal, **the 11th Circuit reversed**.  While Parker took inconsistent positions in the bankruptcy court and trial court, the <u>trustee</u> never took inconsistent positions under oath.[4]  As the court held:

---

[4] Marcy Romeo does not concede that she took inconsistent positions, as explained below.

KUTNER, RUBINOFF & MOSS, LLP
2665 SOUTH BAYSHORE DRIVE, COCONUT GROVE, FL 33133 • PHONE: 305.358.6200 • WWW.KRMLEGAL.COM

> The district court's judgment is reversed because the doctrine of judicial estoppel was improperly invoked. The claim against Wendy's belongs to the bankruptcy estate and its representative, the trustee. The trustee made no false or inconsistent statement under oath in a prior proceeding and is not tainted or burdened by the debtor's misconduct.

*Parker,* 365 F.3d at 1273. *See also Pavlov v. Ingles Markets, Inc.*, 236 Fed.Appx. 549 (11th Cir. 2007) (" In *Parker,* judicial estoppel could not be applied against the bankruptcy Trustee who had made no inconsistent statements and who had intervened as a party-plaintiff in the underlying lawsuit.")

In *Wheeler v. Fla. Dept. of Corrections*, Case No. 04-cv-1147-J-21MCR (M.D.Fla. 2006), Wheeler filed for bankruptcy four months after filing a discrimination lawsuit. The lawsuit was not disclosed in the bankruptcy filings. Upon motion, the district court allowed the trustee to substitute for Wheeler. Once the trustee was the party in interest and had standing to bring Wheeler's claims, the court held:

> [T]he resolution of the standing issue negates the need to perform the judicial estoppel analysis. Here, like in *Parker*, the trustee did not make a false or inconsistent statement under oath in the prior proceeding, is not "tainted" by any such statements made by plaintiff and has explicitly shown a willingness to proceed with the claim.

**ARGUMENT**

### *Judicial Estoppel Does Not Apply*

If this Court grants the Motion to Substitute filed by the Trustee, then the case law above is clear that judicial estoppel simply does not apply. In order to circumvent these cases, the Defendants have engaged in pure gamesmanship, and should not be rewarded for doing so. On December 16, 2016, the Plaintiff filed a Motion to Stay Proceedings [D.E. 89] and notified the Court that Romeo's bankruptcy estate had been re-opened and Michael Bakst had been re-appointed as trustee. The motion further notified the Court that the Trustee was seeking approval

KUTNER, RUBINOFF & MOSS, LLP
2665 SOUTH BAYSHORE DRIVE, COCONUT GROVE, FL 33133 • PHONE: 305.358.6200 • WWW.KRMLEGAL.COM

from the Bankruptcy Court "to retain the undersigned attorneys to continue the prosecution of this matter."  The Defendants did not oppose this motion.  The Court granted the motion [D.E. 90] and stayed the proceedings until February 1, 2017.  In fact, the Defendants also received notice of the Trustee's motion filed in the Bankruptcy Court to retain undersigned counsel to prosecute this cause of action on the Trustee's behalf, and the Defendants did not object to that either.

On February 1, 2017, the undersigned filed a Status Report [D.E. 91].  In that report, the court and parties were notified that "the Plaintiff will be filing a motion to substitute under Federal Rule of Civil Procedure 17."  On the morning of February 3, 2017, the undersigned emailed defense counsel and asked if they had any objection to the motion to substitute in order to comply with Local Rule 7.1.  Counsel for both defendants objected.  Counsel for the B.S.O. notified the undersigned of their objection at 3:01 p.m.  At 3:51 p.m. on that same day – a Friday – the Defendants filed their Motion for Summary Judgment.  The Motion to Substitute Party Plaintiff was filed Monday morning, February 6, 2017 at 9:07 a.m.

Counsel for the B.S.O. clearly had no intent on agreeing to the Motion to Substitute Party Plaintiff, and delayed their objection so they could file their Motion for Summary Judgment first.  Matters of timing like this have been rejected.  In *Wheeler*, *supra,* the Court said:

> **[T]he trustee seeks to be substituted in as the proper plaintiff, but only after defendant filed its motion for summary judgment.  This distinction is unavailing and unnecessarily places form over substance**.

[Emphasis added.]  Clearly, the Defendants' rush to file their motion, with full knowledge that a Motion to Substitute was going to be filed, places form over substance and fairness.  As discussed above, however, the timeline is evidence that the Defendants were aware at the time that they filed their Motion for Summary Judgment, that (1) the Trustee had reopened the

KUTNER, RUBINOFF & MOSS, LLP
2665 SOUTH BAYSHORE DRIVE, COCONUT GROVE, FL 33133 • PHONE: 305.358.6200 • WWW.KRMLEGAL.COM

bankruptcy case to administer/prosecute this claim, (2) the Trustee had obtained approval from the Bankruptcy Court to employ undersigned counsel to represent the Trustee with respect to this claim (of which the Defendants also received notice in the Bankruptcy Court and did not object), and (3) pursuant to the Plaintiff's Status Report filed on February 1, 2017 in this case, the Trustee gave notice of his intent to file the Motion to Substitute as party Plaintiff within ten days.

### *Trustee Did Not Take Inconsistent Positions*

Even if this Court finds that judicial estoppel applies, the Defendants have not met their burden to prove that the Trustee took inconsistent positions. As the 11th Circuit held in *Parker,* "any post-petition conduct by [debtor], including the failure to disclose an asset, does not relate to the merits of the [discrimination] claim." *Id.* Romeo's omission of the claim from her bankruptcy schedules was not binding on the Trustee, nor did the Trustee take any position with regard to the claim. *See In re Quarles*, 2007 WL 171813, *7 (N.D. Okla. 2007). The Defendants have "not shown that the Trustee made an affirmative representation that he was aware of the claim or that he intended to abandon the claim," and, pursuant to *Parker*, there is "no legal basis to impute [Romeo's] acts to the Trustee under these circumstances." *Id. (citing Parker)* ("[the trustee] has never abandoned [debtor's] discrimination claim and he never took an inconsistent position under oath with regard to this claim. Thus, [the trustee] cannot now be judicially estopped from pursuing it."). The Defendants have not provided any evidence to even suggest the Trustee should be judicially estopped from pursuing the claims in this case.

### *Romeo Did Not Take Inconsistent Positions*

Although the 11th Circuit in *Parker* held that a bankruptcy debtor's failure to disclose an asset cannot provide a basis to apply judicial estoppel as against a bankruptcy trustee, neither

KUTNER, RUBINOFF & MOSS, LLP
2665 SOUTH BAYSHORE DRIVE, COCONUT GROVE, FL 33133 ▪ PHONE: 305.358.6200 ▪ WWW.KRMLEGAL.COM

have the Defendants shown that Romeo took inconsistent positions. As shown above, the underlined facts prove that Romeo had no idea she had a claim at the time she filed her bankruptcy petition. In fact, in her deposition she testified that *at the time she filled out the bankruptcy petition*, she was not aware that she had a claim. If anything, she has taken a <u>consistent</u> position in this case and the bankruptcy case.

The Defendants allege that Romeo failed to disclose "potential causes of action." This is the question on Romeo's bankruptcy filing that the Defendants allege was answered untruthfully:

> 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each.

To the extent this question even applies to potential causes of action – the language is not clear – at the time Romeo checked the box indicating "none" under oath she was not aware that she had a cause of action. Specifically, her declaration provided that under penalty of perjury her answer was true and correct according to her "knowledge, information, and belief."

Numerous times at her deposition, Romeo told defense counsel that she had no thoughts of a claim at the time she filed for bankruptcy. At the time of this awful incident she "**wasn't thinking about**" a claim. At the time she filed for bankruptcy, Romeo had "**no thoughts of any claims at that time**." [Depo. pp. 119-120.]   Under oath she told the bankruptcy court she was not aware of any claims at that time. Under oath at her deposition in this case, she gave the same testimony. **Her testimony is consistent**.

The Defendants argue that the "record is clear that Romeo had knowledge of her undisclosed claims at the time of filing for Chapter 7 bankruptcy." This is pure argument with no factual support. The Defendants go as far as to say that "Romeo testified that on the day the alleged events occurred, June 29, 2009, she knew her rights were being violated [...]." Not true. Her exact testimony is as follows:

Q.  You know that they're violating your civil rights?

A.  I know they're violating me.

Q.  And you know you have rights and they're trampling on those rights?

A.  I wasn't thinking about that.

[Depo. p. 48.]  Romeo never said she knew her civil rights were being violated and never said she knew she had a claim for a violation of those rights.  While being forced to strip, squat down, and spread her legs, she explained at her deposition that "I thought they were going to rape me in the room." [Depo. p. 50.]  She was personally violated, as she said.  At the sake of stating the obvious, there is a major difference between being personally violated and knowing one may have a *legal claim* for a violation of one's civil rights.

Blatantly missing from the Motion for Summary Judgment is any mention of Romeo's explanation as to why she was not even considering a claim against the Defendants at that time. Romeo testified that after she was forced to strip, the officers told her "if I ever told anyone of what happened, they would find me and they could easily find my daughter." [Depo. p. 47.]  She said, "**I thought they would kill my daughter.  I thought they would kill me**." [Depo. at p. 71.]  Defense counsel asked her why she didn't file a lawsuit right away, and she responded, "**I was scared to death.  I was also facing five years ... in prison for something I didn't do.**" [Depo. at p. 73.]

Romeo was facing prison time for possessing medication without the correct label and bottle.  On November 19, 2009, the criminal charges were dropped.  The bankruptcy had been discharged three days before.  She didn't file her civil rights lawsuit until June 27, 2013. [D.E. 1.]  This was more than 46 months after she signed her bankruptcy petition.  There is no evidence that Romeo misled the bankruptcy court and potential creditors.  Her position then – as

KUTNER, RUBINOFF & MOSS, LLP
2665 SOUTH BAYSHORE DRIVE, COCONUT GROVE, FL  33133 • PHONE: 305.358.6200 • WWW.KRMLEGAL.COM

it is now – is that she had not even considered a possible claim throughout her bankruptcy proceeding.   Instead, she was concerned about the serious, pending criminal charges and the safety of herself and her daughter.

The cases relied upon by the Defendants all involve situations where the Plaintiff's bankruptcy filings failed to disclose litigation pending either as of the time the plaintiff filed the bankruptcy petition or at least at some point during the pendency of the bankruptcy case.  That is not the case here.  The evidence is undisputed that Romeo never brought a claim and never even thought of a claim during the bankruptcy case.  The only evidence is that she never thought she had a claim at the time she filed for bankruptcy.

### *Romeo Did Not Make a Mockery Out of the Judicial System*

Next, the Defendants claim that Romeo's alleged inconsistent statements have made a mockery out of the judicial system.  As cited by the Defendants, the "Eleventh Circuit has stated that 'the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Alvarez*, 854 F. Supp. at 1227 (citations omitted).   Romeo testified numerous times that she was not aware that she had a claim at the time she filed for bankruptcy.  For instance, when defense counsel asked her why she did not list this case at the time she filed for bankruptcy, she responded:   "**There were no thoughts of any claims at that time**."  [Depo. pp. 119-120.]  If she did not have any thoughts of any claims, then how did she have knowledge of these claims and intentionally fail to disclose them?

Ignoring her testimony, the defendants argue that "the record is undisputed that Romeo had knowledge of the undisclosed claims at the time of filing for Chapter 7 Bankruptcy."   In reality, the undisputed fact is that she did not have knowledge of any potential claim at that time.

KUTNER, RUBINOFF & MOSS, LLP
2665 SOUTH BAYSHORE DRIVE, COCONUT GROVE, FL 33133 ▪ PHONE: 305.358.6200 ▪ WWW.KRMLEGAL.COM

As she explained, she was more concerned about the safety of her and her daughter and the pending criminal claims against her.

Judicial estoppel is an equitable doctrine.  *See Burnes,* 291 F.3d at 1285; *see also Kane v. National Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) ("As an equitable doctrine, '[g]enerally, judicial estoppel is invoked where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *Id.* at 334–35 (quoting *Scarano v. Cent. R.R. Co.,* 203 F.2d 510, 513 (3d Cir.1953)).  Jeff Poole plead guilty to conspiring to violate Romeo's civil rights. [See Case No. 14-cr-60089-WPD, D.E. 38.]  While the Defendants deny Romeo's allegations that she was stripped and threatened, if true, it would not be equitable to allow these fear tactics to succeed.

If Romeo was threatened, then she was clearly too afraid to even think about a claim at the time she filed for bankruptcy **a mere 45 days after her arrest**.  To now claim that Romeo was making a mockery of the judicial system at that time is offensive.  There is no dispute that Romeo was illegally arrested.  If she was indeed threatened, then the Defendants own conduct should not be rewarded by a dismissal of her claims.  This would not just be inequitable, *this* would be a mockery of the entire legal system.

Nor is it equitable to allow any failure to list the claim by Romeo (knowingly or not) to prejudice Romeo's creditors, who are the ones entitled to any recovery attributable to the claim as an asset of her bankruptcy estate; especially when the Defendants did not rely upon and were not prejudiced by any lack of disclosure of the claim in Romeo's bankruptcy schedules back in 2009.  In *Kane*, 535 F.3d at 386, the court said, "we have applied judicial estoppel to bar an unscheduled claim when others, the debtors or other insiders, would benefit to the detriment of

KUTNER, RUBINOFF & MOSS, LLP
2665 SOUTH BAYSHORE DRIVE, COCONUT GROVE, FL 33133 ▪ PHONE: 305.358.6200 ▪ WWW.KRMLEGAL.COM

creditors if the claim were permitted to proceed." Quoting Judge Frank Easterbrook of the 7th

Circuit, the *Kane* court said:

> [The debtor's] nondisclosure in bankruptcy harmed his creditors by
> hiding assets from them. Using this same nondisclosure to wipe
> out [the debtor's claim against the defendant] would complete the
> job by denying creditors even the right to seek some share of the
> recovery. Yet the creditors have not contradicted themselves in
> court. They were not aware of what [the debtor] has been doing
> behind their backs. Creditors gypped by [the debtor's] maneuver
> are hurt a second time by the district judge's decision. Judicial
> estoppel is an equitable doctrine, and using it to land another blow
> on the victims of bankruptcy fraud is not an equitable application.

*Id.* at 387-88.

It must be stressed that Romeo was by no means engaged in bankruptcy fraud. The

importance of Judge Easterbrook's language is that even in the most egregious circumstances,

creditors should not be punished. The equitable concerns underlying the doctrine of judicial

estoppel are simply not present in this case. The application of judicial estoppel would harm the

creditors and Romeo while benefitting the Defendants, including a B.S.O. officer who pled

guilty to violating Romeo's civil rights.

### *Defendants' Alternative Request for Relief*

The Defendants ask this Court, in the alternative, to bar Romeo from directly receiving

any relief on the basis of equitable estoppel. For the reasons set forth above, judicial estoppel

does not apply to this case. In addition, the Defendants do not provide any legal support for this

request. Their cite to *Burnes* is misplaced. The *Burnes* court applied judicial estoppel because

the debtor petitioned for Chapter 7 bankruptcy and failed to disclose a <u>pending</u> lawsuit. The

Court did not apply judicial estoppel to a claim for injunctive relief because it had no monetary

value to the bankruptcy court. *Barnes* did not stand for the proposition that a debtor cannot

collect funds after all creditors are paid.

KUTNER, RUBINOFF & MOSS, LLP
2665 SOUTH BAYSHORE DRIVE, COCONUT GROVE, FL 33133 ▪ PHONE: 305.358.6200 ▪ WWW.KRMLEGAL.COM

## CONCLUSION

The Plaintiff requests this Court to Deny the Defendants' Motion for Summary Judgment.  First, judicial estoppel does not apply since the Trustee is the correct party in interest.  Second, neither the Trustee nor Marcy Romeo took inconsistent positions in the bankruptcy filings and in this case.  Third, Marcy Romeo did not intentionally mislead the bankruptcy court since she  was not aware that she had a claim at the time of her bankruptcy filing.  Fourth, there is no evidence that the Trustee or Romeo engaged in any acts that would create a mockery of the judicial system.  And finally, the policy concerns for the application of judicial estoppel are not only lacking in this case, but favor the Trustee.

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

BY:   *s/ Andrew M. Moss*
Andrew M. Moss
Florida Bar No. 0170259
Email: moss@krmlegal.com
KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301
Coconut Grove, FL  33133
Phone: (305) 358-6200
Fax:    (305) 577-8230

KUTNER, RUBINOFF & MOSS, LLP
2665 SOUTH BAYSHORE DRIVE, COCONUT GROVE, FL  33133 ▪ PHONE: 305.358.6200 ▪ WWW.KRMLEGAL.COM