UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61411-CIV-MARRA/MATTHEWMAN

MARCI ANNE ROMEO,

    Plaintiff,

v.

SCOTT J. ISRAEL,
as Sheriff of Broward County, and
JEFF POOLE,

    Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon the Motion to Substitute Party Plaintiff and Motion to Amend Complaint [DE 95]. The motion is ripe for the Court's consideration. The Court has reviewed all papers submitted, the entire file, and is otherwise duly advised in the premises.

### Background Facts[1]

Plaintiff alleges that in June, 2009, she and her ex-husband, Douglas L. Bates, were in an ongoing dispute over custody of their children. Bates, an attorney, and Scott Rothstein were involved in a Ponzi scheme for which they were eventually convicted and incarcerated. Prior to that, Rothstein told Bates that he could have Romeo arrested. Rothstein contacted David Benjamin, who was Defendant Jeff Poole's supervisor.

---

[1] The facts of Plaintiff's case are as stated in her Second Amended Complaint [DE 50], and are included herein solely for general background. The Court is not commenting on the accuracy of these statements of fact.

1

Plaintiff was dropping her son off at summer camp when Poole pulled her over and arrested her. She was placed in a holding cell where Poole and another officer ordered her to face a wall and remove her clothes. The officers made inappropriate comments to her, leading her to believe that she would be sexually assaulted. Plaintiff was then ordered to put her clothes back on and threatened that if she ever said a word about what happened, the officers knew where they could find her and her daughter.

Plaintiff was charged with various felonies, including possession of drugs without a prescription. The drugs were her autistic son's medication. The prosecution, which lasted nearly five months, resulted in the dismissal of all charges.

Out of fear of being hurt, Plaintiff did not immediately reveal what happened to her until such time as independent corroborating evidence was revealed to her. Her fear caused her to move out of state and seek psychological counseling.

A Pre-Suit Letter was served on the Broward County Sheriff's Office on June 21, 2012, [DE 1-3 at 2-3] and the instant case was commenced in June, 2013.

In the federal criminal case brought against him in 2014, Benjamin admitted that he accepted money from Scott Rothstein and solicited Poole to arrest Plaintiff. [DE 50-1]. In his federal criminal case, Poole admitted that he accepted Benjamin's solicitation to arrest Plaintiff whether or not there was a valid basis to do so. Poole admitted that he illegally placed Plaintiff under arrest. [DE 50-2].

## Plaintiff's Bankruptcy Case[2]

On August 13, 2009, a month and a half after her arrest, Plaintiff and her husband filed for Chapter 7 Bankruptcy. *See In re: Lawrence M. Flaster and Marcy A. Flaster*, United States Bankruptcy Court, Southern District of Florida, Case No. 09-26848-BKC-EPK, Docket Entry No. 1. On November 16, 2009, the Bankruptcy Court discharged the debtors and the Trustee, Michael R. Bakst.

It is undisputed that Plaintiff answered "None" to the question on her Bankruptcy Petition which asked if she had "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." [DE 102-2 at 6].

Plaintiff sent her pre-suit notice letter over 2 ½ years after the bankruptcy discharge, and commenced her lawsuit a year later, in June, 2013. In fall, 2016, the attorneys for the Broward County Sheriff's office notified the former Trustee, Mr. Bakst, that Plaintiff had filed this lawsuit. Upon Mr. Bakst's motion, the bankruptcy case was reopened on November 2, 2016.

## Positions of the Parties

Mr. Bakst, as Trustee in Bankruptcy, now moves this Court pursuant to Fed. R. Civ. P. Rules 15, 17 and 25 to substitute him as the party plaintiff and grant him leave to file the proposed Third Amended Complaint. [DE 95].

Defendants point out that all of Plaintiff's alleged claims stem from actions and events known to her at the time she filed her Bankruptcy Petition. They argue that the facts demonstrate that Plaintiff's failure to disclose her claim to the bankruptcy court was not an honest and

---

[2]The facts relating to the bankruptcy case come from the papers of the movant [DE 95] and Defendants [DE 102]. There is no dispute as to the procedural posture of the bankruptcy case.

understandable mistake, and, therefore, this case must be dismissed, and the Trustee must file a new lawsuit.[3] [DE 102].

Defendants further argue that if the Court permits the Trustee to be substituted as the real party in interest, the lawsuit should be barred by judicial estoppel, or at the very least, Plaintiff Romeo should be barred by judicial estoppel from receiving any monetary compensation resulting from the lawsuit. [*Id*. at 15]. Defendants do not oppose the Trustee's request to file a third amended complaint if their arguments that he should not be substituted fail. [*Id*.].

### **Legal Standard**

Fed. R. Civ. P. 17(a)(3)[4] states:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

---

[3]The Trustee notes that Counsel for Broward County further takes the position that any such filed action cannot be brought, because the statute of limitations has expired. [DE 95 at 3, n.2]. In light of the Court's ruling herein, it is unnecessary for the Court to address this statute of limitations issue.

[4]The Trustee also relies upon Rule 25, but that reliance is misplaced. Rule 25(c) provides: " If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." As noted in Charles Wright & Arthur Miller, Federal Practice & Procedure, "Rule 25(c) speaks to the situation in which 'an interest is transferred' during the pendency of an action. If an interest has been transferred prior to commencement of the suit, Rule 17, requiring that an action be brought in the name of the real party in interest and defining capacity to sue and be sued, is controlling. After suit is brought, Rule 25(c) becomes the relevant provision." 7C Charles Wright & Arthur Miller, Federal Practice & Procedure § 1958 (3d ed. 2016). Since Plaintiff's claim transferred to the Trustee as a matter of law prior to the commencement of her lawsuit, only Rule 17 applies. Both cases cited by the Trustee involve lawsuits commenced prior to the bankruptcy filings and are inapposite for that reason.

"Rule 17(a)(3) is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought . . . Thus, a correction in parties is permitted even after the statute of limitations governing the action has run." 6A Charles Wright & Arthur Miller, Federal Practice & Procedure § 1555 (3d ed. 2016). "A literal interpretation of Rule 17(a)(3) would make it applicable to every case in which an inappropriate plaintiff has been named. However, the rule should be applied only to cases in which substitution of the real party in interest is necessary to avoid injustice." *Id*.

In addition to evaluating the application of Rule 17, this Court must assess whether to apply the equitable doctrine of judicial estoppel to bar this case from proceeding. The Eleventh Circuit recently set forth a new legal standard to use in such an analysis. In *Slater v United States Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017), the Court stated:

> The equitable doctrine of judicial estoppel is intended to protect courts against parties who seek to manipulate the judicial process by changing their legal positions to suit the exigencies of the moment. Today, we address how this doctrine should be applied when a plaintiff takes inconsistent positions by pursuing in district court a civil claim that he failed to disclose as an asset in his bankruptcy proceedings. We reaffirm our precedent that when presented with this scenario, a district court may apply judicial estoppel to bar the plaintiff's civil claim if it finds that the plaintiff intended to make a mockery of the judicial system.
>
> But what suffices for a district court to find that a plaintiff who did not disclose a civil lawsuit in bankruptcy filings intended to make a mockery of the judicial system? Our Court has endorsed a rule that the mere fact of the plaintiff's nondisclosure is sufficient . . . .
>
> We hold today that when determining whether a plaintiff who failed to disclose a civil lawsuit in bankruptcy filings intended to

5

> make a mockery of the judicial system, a district court should
> consider all the facts and circumstances of the case. The court
> should look to factors such as the plaintiff's level of sophistication,
> his explanation for the omission, whether he subsequently
> corrected the disclosures, and any action taken by the bankruptcy
> court concerning the nondisclosure. We acknowledge that in this
> scenario the plaintiff acted voluntarily, in the sense that he knew of
> his civil claim when completing the disclosure forms. But
> voluntariness alone does not necessarily establish a calculated
> attempt to undermine the judicial process.

*Id.* at 1176-77.[5]

> Judicial estoppel should not be applied when the inconsistent
> positions were the result of "inadvertence[] or mistake" because
> judicial estoppel "looks towards cold manipulation and not an
> unthinking or confused blunder."

*Id.* at 1181 (citation omitted).

Thus, under *Slater*, the inquiry to be made under the doctrine of judicial estoppel is similar to the test under Rule 17(a)(3).

## Discussion

The resolution of the instant motion is controlled by *Parker v Reynolds*, 365 F.3d 1268 (11th Cir. 2004). The *Slater* court noted that in *Parker*,

> we reversed the district court's application of judicial estoppel to
> bar an employment discrimination claim that a debtor failed to
> disclose as an asset in his Chapter 7 bankruptcy petition. 365 F.3d

---

[5] Later in the decision, the Eleventh Circuit states that a court may consider such factors as "the plaintiff's level of sophistication, whether and under what circumstances the plaintiff corrected the disclosures, whether the plaintiff told his bankruptcy attorney about the civil claims before filing the bankruptcy disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures, whether the plaintiff identified other lawsuits to which he was a party, and any findings or actions by the bankruptcy court after the omission was discovered." 871 F.3d at 1185. In a footnote following this discussion, the Court stated that it was emphasizing that "this list is not exhaustive; the district court is free to consider any fact or factor it deems relevant to the intent inquiry." *Id.* at ftn 9.

> at 1269. We said that judicial estoppel should not be applied in that case because when the debtor filed Chapter 7 bankruptcy, the trustee, as representative of the bankruptcy estate, became "the proper party in interest . . . the only party with standing to prosecute causes of action belonging to the estate."*Id*. at 1272. We held that because the trustee was the real party in interest in the civil lawsuit, had never taken an inconsistent position under oath, and had not abandoned the discrimination claim, the district court abused its discretion in applying judicial estoppel. *Id*.

871 F.3d at 1184. The *Slater* court acknowledged that *Parker* could not be reconciled with other Eleventh Circuit precedent in place at the time it was decided; however, after adopting the new legal standard applicable to such cases, *Slater* specifically notes that "*Parker* no longer conflicts with prior panel precedent, and there is no question about its continued viability." 871 F.3d at 1188, ftn. 16.

Here, as in *Parker*, the trustee is the real party in interest in the civil lawsuit, has never taken an inconsistent position under oath, and has not abandoned Romeo's claim. As such, it is appropriate under Fed. R. Civ. P. 17(a)(3) to permit the substitution of the Trustee.[6]

The Trustee also seeks permission to file a Third Amended Complaint. Defendant has not opposed that request. Fed. R. Civ. P. 15(a)(2) provides that the court should freely give leave to amend when justice so requires, and the Court finds that it is appropriate to give leave to amend here.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion to Substitute

---

[6] Defendant argues that Plaintiff Romeo should be barred by judicial estoppel from receiving any monetary compensation resulting from the lawsuit. If Defendants seek to pursue that position, they may do so at an appropriate time. The motion before the Court is not directed to that issue.

Party Plaintiff and Motion to Amend Complaint [**DE 95**] is **GRANTED**. Michael R. Bakst, Trustee in Bankruptcy for Lawrence M. Flaster and Marcy A. Flaster a/k/a Marcy Romeo, and not Individually (the substituted Plaintiff), shall file the Third Amended Complaint within **7 days** of this Order being entered by the Clerk. Defendants shall have **20 days** from the filing of the Third Amended Complaint to file their responses, including any pre-Answer motion permitted by the Federal Rules of Civil Procedure. Since the Third Amended Complaint will supersede the current pleading, all other pending motions **[DE 127, DE 130, DE 140 and DE 141]** are **DENIED AS MOOT WITHOUT PREJUDICE** to renew them should it be appropriate to do so.

    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of November, 2017.

                                                                                                       KENNETH A. MARRA
                                                                                 United States District Judge